UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 12-10876-RGS

IKNATON RHAJIK NZADDI

v.

DEPARTMENT OF CORRECTIONS, et al.

MEMORANDUM AND ORDER

January 3, 2013

STEARNS, D.J.

On May 10, 2012, Plaintiff Iknaton Rhajik Nzaddi, a self-described Native-American and G.I.D. diagnosed inmate,[1] filed a Complaint, Application to Proceed Without Prepayment of Fees and Motion for Temporary Restraining Order and/or Preliminary Injunction. See Docket. Plaintiff is serving a life-sentence and is confined to MCI-Shirley (Medium). Plaintiff alleges that she is a practicing Baha'i and that the defendants denied her appropriate kosher meals.

By Memorandum and Order dated May 18, 2012, plaintiff's motion to proceed *in forma pauperis* was granted, the motion for TRO and/or Preliminary Injunction was denied without prejudice and assessment of the filing fee was deferred. See Docket No. 5. The clerk issued summonses for service of the complaint on defendants Dinardo and Woods. See Docket. Plaintiff was directed to demonstrate good cause, in writing, why the claims against the remaining defendants should not be dismissed. See Docket No. 5. On May 29, 2012, plaintiff filed an amended complaint and supplemental show of good cause. See Docket No. 8.

By Memorandum and Order dated August 9, 2012, the Court denied plaintiff's

---

[1] In light of the allegation that Plaintiff has Gender Identity Disorder, the Court will refer to Plaintiff by feminine pronouns.

motion for joinder, assessed an initial filing fee, and directed plaintiff to file a "Second Amended Complaint." See Docket No. 13. The Order explained that plaintiff cannot incorporate by reference the allegations contained in several of plaintiff's earlier filings. The Order explained that plaintiff's second amended complaint must (1) identify each defendant, (2) contain all of plaintiff's claims, (3) include a demand for relief, and (4) fully describe each defendant's conduct with sufficient factual detail to inform the defendants of the actions which plaintiff claims are wrongful and which support each purported cause of action. The clerk mailed a copy of the Order to plaintiff with a copy of "Step by Step: A Simple Guide to Filing a Civil Action."

Now before the Court is plaintiff's two-page pleading entitled "Follow-Up With Honorable Court's (CA-12-10876-RGS) Summons/Default, Along with Evidentiary Updates." See Docket No. 15. The pleading is written in the form of a letter to the clerk and attaches a dozen pages of "legal exhibits." The letter closes with a request for "some legal assistance from the Honorable Court." Id. at p. 2. Plaintiff states that "this plaintiff just wanted to authenticate herewith, in that she feels compelled to make things more lucid, as her defendants will certainly move to woefully besmirch her character; the plaintiff is currently in great fear of her safety whereas she was assaulted leaving Shirley-Medium." Id. at p. 1. Plaintiff asks for clarification concerning the "21-day time limit for response" to the summons. Id. at p. 2.

Plaintiff failed to comply with the Court's August 9, 2012 Memorandum and Order. By Order dated May 18, 2012, plaintiff was advised that her claims against defendants Coakley, Spencer, Ryan, Brockelman, Murphy and the Director of Treatment were subject to dismissal. Since May, the Court has issued two orders directing plaintiff to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. See Docket Nos. 5, 13. Plaintiff has not filed a second amended

complaint and it is unclear whether she served her original complaint on defendants Dinardo and Woods. The claims against the remaining defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and the Court will direct the Clerk to reissue summons for service of the original complaint on defendants Dinardo and Woods.

## ORDER

Based on the foregoing, it is hereby Ordered that*:*

1. The Clerk shall reissue summonses for service of the original complaint on defendants Dinardo and Woods.

2. The Clerk shall send the two summonses, the original complaint, and this Order to the plaintiff, who must thereafter serve the original complaint on defendant Dinardo and Woods in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summonses, complaint, and this Order upon defendants Dinardo and Woods, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

3. In accordance with this Court's order dated May 18, 2012, and the plaintiff not having shown good cause why the claims against defendants Coakley, Spencer, Ryan, Brockelman, Murphy and the Director of Treatment should not be dismissed, the claims against these six defendants are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The Clerk shall terminate these six parties as defendants.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE