UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 12-10876-RGS

IKNATON RHAJIK NZADDI

v.

KAREN DINARDO, et al.

<u>MEMORANDUM AND ORDER</u>

August 14, 2013

STEARNS, D.J.

Plaintiff is proceeding <u>pro se</u>.  Now before the Court are defendant DiNardo's motion (#27) to dismiss plaintiff's second amended complaint, or in the alternative, summary judgment and plaintiff's opposition (## 35, 37); Nathan LeBaron's renewed motion (#47) to intervene; plaintiff's motion (#32) for U.S. Marshal Service; plaintiff's two renewed motions (## 34, 42) for temporary restraining order and/or preliminary injunction; plaintiff's motion (#36) to strike the second amended complaint; plaintiff's motion (#45) for appointment of counsel.  Defendant DiNardo filed an opposition and motion (#40) to strike plaintiff's pleadings numbered #32 through 39.

<u>BACKGROUND</u>

On May 8, 2012, Plaintiff Iknaton Rhajik Nzaddi,[1] initiated this action by filing a Complaint, Application to Proceed Without Prepayment of Fees ("IFP") and Motion for Temporary Restraining Order and/or Preliminary Injunction ("Emergency Motion").  <u>See</u> Docket Nos. 1-3.  Plaintiff alleges that she is a practicing Baha'i and that the defendants denied her

---

[1]In light of the allegation that Plaintiff has Gender Identity Disorder, the Court will refer to Plaintiff by feminine pronouns.

request for meals that comport with her religious beliefs.

By Order dated May 18, 2013, Nzaddi's IFP was granted, assessment of the filing fee was deferred until she submits a copy of her prison account statement, and the Emergency Motion was denied.  <u>See</u> Docket No. 5.  Summonses were issued for service of the complaint on defendants Dinardo and Wood and plaintiff was advised that the claims against defendants Coakley, Spencer, Ryan, Brockelman, Murphy and the Director of Treatment were subject to dismissal.  <u>Id.</u>

On May 29, 2012, Nzaddi filed a copy of her prison account statement and her "amended-complaint and supplemental show of good-cause" seeking to drop certain defendants from the original complaint and add new defendants to the amended complaint.  <u>See</u> Docket Nos. 7-9.  On June 18, 2012, Nzaddi filed a two-page motion requesting "joinder of remaining parties."  <u>See</u> Docket No. 10.

By Order dated August 9, 2012, Nzaddi was assessed an initial, partial filing fee of $4.40 and she was advised, among other things, that both her original and amended complaints failed to include an adequate statement of the claims against the newly added defendants.  <u>See</u> Docket No. 13.  The Order explained that plaintiff cannot incorporate by reference the allegations contained in several of plaintiff's earlier filings.  The Order further explained that plaintiff's second amended complaint must (1) identify each defendant, (2) contain all of plaintiff's claims, (3) include a demand for relief,  and (4) fully describe each defendant's conduct with sufficient factual detail to inform the defendants of the actions which plaintiff claims are wrongful and which support each purported cause of action.  <u>Id.</u>  Nzaddi was directed to file one comprehensive pleading which shall be entitled "Second Amended Complaint.  <u>Id.</u>  The clerk

2

mailed a copy of the Order to plaintiff with a copy of "Step by Step: A Simple Guide to Filing a Civil Action."

On August 29, 2012, Nzaddi filed a two-page pleading entitled "Follow-Up With Honorable Court's (CA-12-10876-RGS) Summons/Default, Along with Evidentiary Updates." See Docket No. 15. The pleading is written in the form of a letter to the clerk and attaches a dozen pages of "legal exhibits." The letter closes with a request for "some legal assistance from the Honorable Court." Id. at p. 2. Plaintiff states that "this plaintiff just wanted to authenticate herewith, in that she feels compelled to make things more lucid, as her defendants will certainly move to woefully besmirch her character; the plaintiff is currently in great fear of her safety whereas she was assaulted leaving Shirley-Medium." Id. at p. 1. Plaintiff asks for clarification concerning the "21-day time limit for response" to the summons. Id. at p. 2.

In a Memorandum and Order dated January 3, 2013, the Court noted that it had previously issued two orders directing plaintiff to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. See Docket No. 16. Because plaintiff had not filed a second amended complaint and because it was unclear whether she served her original complaint on defendants Dinardo and Woods, the Clerk was directed to reissue summonses for service of the original complaint on defendants Dinardo and Woods. Id. The claims against the remaining defendants were dismissed pursuant to 28 U.S.C. § 1915(e)(2). Id.

On March 11, 2013, Nzaddi filed a motion for extension of time, seeking until June 21, 2013, 2013 to file an Amended Complaint. See Docket No. 18. On March 15, 2013, counsel entered an appearance on behalf of defendant Karen Dinardo. See Docket No. 19. Counsel

assented to plaintiff's motion for enlargement of time to file an Amended Complaint and left to
the discretion of the Court as to whether the June 21st date was suitable.  See Docket No. 20.

By Electronic Order dated March 18, 2013, the Court granted Nzaddi leave to file a
Second Amended Complaint no later than forty-five (45) days from the date of the Electronic
Order.  See Docket No. 21.  Plaintiff was ordered to file her Second Amended Complaint as a
standalone document that includes only those claims against the remaining two defendants
(Karen DiNardo and Martin Woods) that plaintiff wishes to advance concerning her efforts to
practice and observe her Baha'i faith.  Id.  Plaintiff was sent a second copy of "Step by Step: A
Simple Guide to Filing a Civil Action."

On April 29, 2013, plaintiff filed her Second Amended Complaint, an affidavit and a
motion for appointment of counsel, which was denied by Electronic Order on May 9, 2013.  See
Docket.  The Second Amended Complaint is brought pursuant to 42 U.S.C. §§ 1983, 1985, and
names as defendants Dinardo and Woods.  Id.

On May 16, 2013, defendant Dinardo moved to dismiss, or in the alternative, for
summary judgment.  See Docket No. 27.   Also on May 16th, Nzaddi filed a motion to intervene
as to inmate Nathan LeBaron, who also filed his own motion to intervene.  See Docket Nos. 29,
30.  The motions to intervene were denied on May 21, 2013, by Electronic Order.  See Docket
No. 31.

On June 12, 2013, Nzaddi filed pleadings, Docket Nos. 29-, seeking the following:
service of process by the United States Marshals Service, #32; a writ of habeas corpus to testify
in court, #33; a motion for temporary restraining order and preliminary injunction, #34; a motion
to strike defendant's motion to dismiss, #35; a motion, with supporting affidavit, to strike

plaintiff's Second Amended Complaint, ##36, 38; an opposition to defendants' motion to dismiss or for summary judgement, #37; and plaintiff's proposed Third Amended Complaint, #39.

Defendant opposes and moves to strike plaintiff's June 12, 2013 pleadings numbered 32-39.  See Docket Nos. 40, 41.

On July 10, 2013, plaintiff renewed her motion for appointment of counsel and her motion to intervene as to inmate Nathan LeBaron.  See Docket Nos. 45, 47.  At that time, Nzaddi also filed a pleading opposing "defendant's disclaimer alleging her reasons for not conferring with plaintiff" and requesting the court to require "all parties [to] confer to resolve/narrow issues."  See Docket No. 46.  Most recently, on August 12, 2013, Nzaddi filed an Addendum of Exhibits and Documentary Evidence.  See Docket No. 48.

## DISCUSSION

I        Plaintiff's Proposed Third Amended Complaint

The Court agrees with defendant DiNardo that this civil action is ripe for adjudication. See Def. Mem. (#41), p. 4.  Although defendant characterizes plaintiff's June 12, 2013 pleadings as inherently vexatious,[2] it is clear that plaintiff's filings are part of her effort to keep this action alive, particularly in light of the dismissal of the related civil action.  See Nzaddi v. Brockelman, et al., C.A. No. 12-11548-RGS (Apr. 9, 2013 dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).  In this vein, plaintiff filed a proposed Third Amended Complaint.  See Docket No. 39.  However, she failed to file a motion to amend.  The Court notes that Nzaddi, in

---

[2]Defendant is correct that vexatious conduct may be found even in the absence of subjective bad intent. Def. Mem. (#41), p. 4.

seeking to strike her Second Amended Complaint, is, in essence, seeking permission to file her proposed Third Amended Complaint, which Nzaddi avers was drafted with assistance of a "jailhouse lawyer." <u>See</u> Docket No. 36 (Pl. Motion to Strike).  Plaintiff's one-page Motion to Strike Defendant's Motion to Dismiss references her Third Amended Complaint.

The Court recognizes that "leave to amend should be 'freely give[n]' in instances in which 'justice so requires.'" <u>See</u> <u>Nikitine v. Wilmington Trust Co.</u>, 715 F.3d 388, 390 (1st Cir. 2013) (quoting Fed. R. Civ. P. 15(a)(2)).  However, in appropriate circumstances, leave to amend may be denied.  <u>Palmer v. Champion Mortg.</u>, 465 F.3d 24, 30 (1st Cir. 2006) (affirming denial of motion to amend that was filed over fifteen months after commencement of the action and more than nine months after initial amendment).  Although the Supreme Court stated that the mandate for liberal amendment pursuant to Rule 15(a) "is to be heeded," <u>Foman v. Davis</u>, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court also recognized that "repeated failure to cure deficiencies by amendments previously allowed" constitutes an appropriate ground to deny leave to amend.  <u>Id.</u> at 182.

Here, Nzaddi has been provided numerous opportunities, and has taken advantage of those opportunities, to file amended pleadings.  In a Memorandum and Order dated January 3, 2013, the Court noted that it had previously issued two orders directing plaintiff to file an amended complaint.  <u>See</u> Docket No. 16.  With defense counsel's consent, plaintiff was granted an extension until March 18, 2013 to file her Second Amended Complaint.  <u>See</u> Docket Nos. 21, 22.  Plaintiff was directed to file her Second Amended Complaint as a standalone document that includes only those claims against DiNardo and Woods that plaintiff wishes to advance concerning her efforts to practice and observe her Baha'i faith.  <u>Id.</u>  On April 29, 2913, plaintiff

6

filed her Second Amended Complaint.  See Docket No. 24.

In addition to adding new defendants, the proposed Third Amended Complaint includes a second plaintiff who was previously denied leave to intervene in this action.  In the Court's estimation, Nzaddi's effort to file a Third Amended Complaint, more than one year after the commencement of this action, comes too late under Rule 15(a) and would unduly prejudice defendant at this point in time.  Thus, the Second Amended Complaint remains the operative pleading.

II      Defendant's Motion to Dismiss Plaintiff's Second
        Amended Complaint, or in the Alternative, for Summary Judgment

Defendant DiNardo moves to dismiss plaintiff's second amended complaint, or in the alternative, for summary judgment.  See Docket No. 27.  In response, plaintiff filed several motions on June 12, 2013, including plaintiff's motion to strike, brought pursuant to Fed. R. Civ. P. 12(f).  See Docket No. 35.  In this one-page motion, plaintiff seeks to strike defendant's motion to dismiss from the record for the reasons that defendant's "defense (sic) is impertinent to the core merits."  Id.

Because plaintiff Nzaddi is pro se, the Court views her pleadings liberally. The Court is "solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, [the Court] hold[s] pro se pleadings to less demanding standards than those drafted by lawyers and endeavor[s], within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158–59 (1st Cir. 2008) (citing Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)).  Where a pro se plaintiff presents sufficient facts, "the court may intuit the correct cause of action," even if the claim was imperfectly pleaded. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir.1997). "However, pro se status

does not insulate a party from complying with procedural and substantive law." Id.

     A.     Standard of Review

Section 1983 provides a cause of action against those who, acting under color of state law, violate federal law.  See 42 U.S.C. § 1983; Kuperman v. Wrenn, 645 F.3d 69, 74 (1st Cir. 2011).  When incarcerated, inmates retain their First Amendment rights to free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S. Ct. 2400, 96 L.Ed.2d 282 (1987).

The Court's responsibility in reviewing a civil complaint filed by a prisoner who, like the plaintiff, is allowed to proceed in forma pauperis in accordance with 28 U.S.C. § 1915(b)(1) is to determine as soon as possible if the cause of action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such a claim.  See 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

In part, the defendant moves for dismissal for failure to state a valid claim.  See Docket No. 27.  Rule 12 of the Federal Rules of Civil Procedure provides that a complaint can be dismissed for, among other things, "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  The Court notes that plaintiff was advised as early as August 2012 that, among other things, her second amended complaint must fully describe each defendant's conduct with sufficient factual detail to inform the defendants of the actions which plaintiff claims are wrongful and which support each purported cause of action.  See Docket No. 13.

Under Fed.R.Civ.P. 12(b)(6), the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted).  The court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "'plausible on its face." <u>Eldredge v. Town of Falmouth</u>, 662 F.3d 100, 104 (1st Cir.2011) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotation marks omitted)).  A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). However, the allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. <u>Iqbal</u>, 556 U.S. at 678.  Legal conclusions couched as facts and "threadbare recitals of the elements of a cause of action" will not suffice. <u>Iqbal</u>, 556 U.S. at 678. <u>See also</u> <u>Ocasio–Hernandez v. Fortuno–Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

Alternately, defendant DiNardo moves for summary judgment.  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

B.    <u>Factual Allegations</u>

Invoking 42 U.S.C. §§ 1983, 1985, plaintiff's second amended complaint ("SAC") is brought against Karen DiNardo, the Deputy Superintendent at MCI-Shirley, and Martin Woods, formerly employed at Bridgewater State Hospital. .  <u>See</u> Docket No. 24.  The SAC is twenty-five pages long and is divided into the following four sections (1) Jurisdiction; (2) Nature of Case; (3) Parties; and (4) Allegations/Causes of Action.  <u>Id.</u>  The concluding two pages are devoted to (1)

a one-page list of related lawsuits and administrative relief and (2) a one-page request for relief.

<u>Id.</u>  Each section of the second amended complaint contains separately numbered paragraphs;

however, the Court notes that each separately numbered paragraph in the last section is divided

into fifty-eight (58) "counts."  <u>Id.</u>  These "counts" do not refer to either defendant by name and

simply makes reference to "defendant" or "defendants."  <u>Id.</u>

Plaintiff describes herself as an adherent of the Baha'i faith and as a transgender woman

based on her diagnosis of "Gender Identity Disorder" ("GID").  SAC, p. 2.  She alleges that her

civil rights were violated and/or abridged by the actions of the two defendants "on several

diverse dates and times."  <u>Id.</u> at p. 1.  She seeks to wear women's "religious headwear" for

modesty and seeks to observe several holistic rituals for "purification, hygiene, and spiritual

practices."  <u>Id.</u> at p. 2.  She also seeks "a religious-dietary syntax, which will allow food

<u>DIRECTLY</u> <u>FROM</u> <u>GOD</u> (already done): (unpeeled) (unprocessed) (uncooked) & (chemical-

free). " <u>Id.</u>  Plaintiff "is currently alleging several constitutional violations and/or abridgments, in

relation to her efforts to prevent the further injuring of her ENDOTHELIUM, which involves her

religious "How To Eat To Live" - "Kosher" Diet, in the alternative should she not be allowed

food <u>DIRECTLY</u> <u>FROM</u> <u>GOD</u> that is already done (i.e., "unpeeled", unprocessed", "uncooked"

and "chemical-free")."  <u>Id.</u> at p. 3.  Plaintiff explains that "[t]his does not exclude (pure) water

and (properly filtered) air without pollutants and/or toxic elements."  <u>Id.</u>  Plaintiff seeks, among

other things, to have this Court declare as "sacred" the requirements "that relate to her Religious-

Dietary Syntax and Mandates."  <u>Id.</u> p. 25.

C.      <u>Sufficiency of the Second Amended Complaint</u>

Defendant contends that the second amended complaint should be dismissed because

plaintiff failed to allege sufficient facts to state a claim under 42 U.S.C. § 1983.  Where a motion

to dismiss has been filed, the Court must determine "whether, *as to each defendant*, a plaintiff's

pleadings are sufficient to state a claim on which relief can be granted."  Sanchez v.

Pereira–Castillo, 590 F.3d 31, 48 (1st Cir. 2009) (emphasis in the original).

Although plaintiff was ordered to limit her claims to those claims concerning her efforts

to practice and observe her Baha'i faith, see Docket No. 21, the SAC asserts the following

unrelated claims concerning "plaintiff's transgender equal rights," Count II; plaintiff's reputation

and dignity, Count IV; failure to follow GID department policy, Count V; plaintiff's access to

the courts, Count XVII; plaintiff's phone usage and access as an indigent inmate, Count XVIII;

unfair mail restrictions, Count XIX; the establishment of "an institutional grievance-policy

and/or program for plaintiff to receive (fair) and (impartial) resolve, as promulgated by the

department of correction," Count XXVI; "her unique [feminine] adjustment issues," Count

XXVII; "plaintiff's right to be treated with kindness, which her obedience, good conduct,

industriousness and merit warranted," Count XXVIII; staff members committing "unprofessional

acts without [the defendant] pursuing disciplinary actions against them," Count XXXVIII;

interference "with plaintiff's meaningful access to the courts," Count LII; and the repeated denial

of extended "law library access," Count LIV; limiting plaintiff's "access to privileges, Count

LVI.  These claims are dismissed as beyond the scope of the permitted amendment.

As noted in defendant DiNardo's memorandum of law in support of her motion to

dismiss, or in the alternative, for summary judgment, there are no specific allegations made

against defendant Woods, only a cursory statement that he was employed at Bridgewater State

Hospital as the Director of Treatment and that plaintiff did not like being committed to hospital

"for the criminally insane" for 30 days.  <u>See</u> Def. Mem., footnote 2 (Docket No. 28).  Thus, the

claims against defendant Woods are subject to dismissal pursuant to Rule 12(b)(6) because the

second amended complaint fails to state a claim upon which relief can be granted.[3]

      Finally, the Court's inquiry turns to the sufficiency of Nzaddi's claim that defendant

Deputy Superintendent Karen DiNardo violated plaintiff's constitutional rights.  Defendant

DiNardo is only mentioned by name in the "parties" section of the second amended complaint.

<u>See</u> Docket No. 24, p. 4.  The SAC identifies DiNardo as "deputy-superintendent" and alleges

that she has "authority to handle all (classification) (housing) (programs) (religious matters)

(library-access) and (employment)."  <u>Id.</u>  Di Nardo is also described as having been "(acting)

Direct or of Treatment, (acting) Superintendent and (acting) Manager of Library Services, which

does not exclude overseeing (sub-contracted) service-providers (i.e., Mental Health Management

Services, Inc./"MMM, Inc.", University of Massachusetts Correctional Health Services, Inc.)."

      The SAC fails to include any specific allegations against defendant DiNardo and simply

asserts conclusory allegations concerning the alleged violation of plaintiff's rights.  Other than

raising bald assertions, i.e. "the defendants made a blanket-denial of plaintiff's religious (Baha'i

faith), customs, practices and/or mandates," Nzaddi has not set forth any underlying supporting

facts from which knowledge on the part of defendant DiNardo reasonably could be inferred.   It

is well-established that 'only those individuals who participated in the conduct that deprived the

plaintiff of his rights can be held liable'" under § 1983.  <u>Velez-Rivera v. Agosto-Alicea</u>, 437

F.3d 145, 156 (1st Cir. 2006) (quoting <u>Cepero-Rivera v. Fagundo</u>, 414 F.3d 124, 129 (1st Cir.

---

[3]Similarly, the claim against defendant Woods is subject to summary dismissal because
the second amended complaint "fails to state a claim on which relief **may** be granted."  28
U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

2005)).[4]  Defendant DiNardo cannot be held liable under a theory of respondeat superior for actions of her subordinates. Nzaddi has not set forth any factual basis for direct liability of Deputy Superintendent Karen DiNardo.  Thus, the SAC fails to state a claim upon which relief can be granted and is subject to dismissal.

III    Remaining Motions

Having granted defendant's motion to dismiss, the following motions will be denied as moot:  Nathan LeBaron's renewed motion (#47) to intervene; plaintiff's motion (#32) for U.S. Marshal Service; plaintiff's two renewed motions (## 34, 42) for temporary restraining order and/or preliminary injunction; plaintiff's motion (#36) to strike the second amended complaint; and plaintiff's motion (#45) for appointment of counsel.

ORDER

Based on the foregoing, it is hereby Ordered that:

1.    The claims against Defendant Woods are DISMISSED pursuant to 28 U.S.C. 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

2.    Defendant DiNardo's Motion (#28) to Dismiss for failure to state a claim upon which relief can be granted is GRANTED.

3.    The remaining motions (## 32, 34, 36, 42, 45, 47)  are DENIED as moot.

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[4]"[In civil rights actions],'supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Velez-Rivera, 437 F.3d at 156 (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).  See Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights).  See also Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008) (discussing test for liability of supervisory officials).